IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA LOVE-SAWYER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>EQUIFAX, INC., et al.,  )<br>  )<br>    Defendants.  ) | Case No. 3:09-0647<br>Judge Trauger |

## MEMORANDUM

Pending before the court is the motion to dismiss filed by the defendant Mann Bracken, LLP (Docket No. 18), to which the plaintiff has responded (Docket No. 27). For the reasons discussed herein, the defendant Mann Bracken, LLP's motion to dismiss will be granted.

## BACKGROUND

The plaintiff has filed suit against three credit reporting agencies, Equifax, Inc., Trans Union, LLC, and Experian Information Solutions, Inc. and three of her alleged creditors, Washington Mutual Inc., Arrow Financial Services, and Mann Bracken, LLP, regarding allegedly inaccurate information appearing on the plaintiff's credit reports. The plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq.*, as well as state law claims of defamation, negligence per se, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages.

## ANALYSIS

The defendant Mann Bracken, LLP ("Mann Bracken") has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the federal claims that the plaintiff asserts under the FCRA and the FDCPA, the plaintiff's state law tort claims, and the plaintiff's claim for punitive damages.[1]

### I. Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court

---

[1] The plaintiff did not assert any claims against Mann Bracken under the TCPA.

stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965; *see also Swierkiewicz,* 534 U.S. at 508 n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court further expounded on the "two working principles" that underlie the *Twombly* decision. *Id.* at 1949. First, "the tenet that a

3

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to a state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949-50.

Further, the Court explained that determining "facial plausibility" is a "context-specific task" in which the reviewing court must "draw on its judicial experience and common sense." *Id.* at 1950. Where, using this background, the court finds that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). The Court noted that "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* With this standard and guidance in mind, the court turns to an analysis of the plaintiff's claims.

## II.  FCRA Claims

The plaintiff concedes her FCRA claims against Mann Bracken, in light of the fact that Mann Bracken is neither a "consumer reporting agency" nor a "furnisher of information" as

4

defined by that statute. (Docket No. 27 at 2.) Therefore, Mann Bracken's motion to dismiss the plaintiff's FCRA claims will be granted.

## III. FDCPA Claims

In the Complaint, the plaintiff alleges that she became aware of certain inaccuracies contained in her credit reports and contacted all of the defendants and informed them of these inaccuracies. (Docket No. 1 ¶¶ 20-22.) She asserts that, despite the fact that she disputed certain information in the reports, the defendants "verified the accuracy of disputed account information." (*Id.* ¶ 23.) Regarding Mann Bracken specifically, she alleges that Mann Bracken "still attempt[ed] to collect alleged debts using such coercive tactics as uttering misleading statements and threatening to take action which has not and cannot lawfully take place even while failing to validate said alleged debts upon PLAINTIFF'S numerous requests," and that Mann Bracken's actions constituted a violation of § 1692e and § 1692g the FDCPA. (*Id.* ¶¶ 27-28, 48-52.)

The FDCPA establishes certain requirements for debt collectors, with the purpose of eliminating abusive debt collection practices. 15 U.S.C. § 1692. Among its provisions, the statute provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute also provides that a debt collector must provide a consumer with written notice of a debt, and, if a consumer disputes a debt, the statute requires the debt collector to verify the debt before resuming collection activities. 15 U.S.C. § 1692g. Mann Bracken argues that the plaintiff has failed to allege violations of § 1692e and § 1692g that survive a motion to dismiss under the *Twombly* standard. (Docket No. 18 at 6-7.)

5

The plaintiff's FDCPA allegations against Mann Bracken are very thin, to say the least. The plaintiff provides no factual allegations regarding Mann Bracken's conduct beyond the allegation that Mann Bracken used "such coercive tactics as uttering misleading statements and threatening to take actions which has not and cannot lawfully take place." (Docket No. 1 § 27.) While detailed factual allegations clearly are not required to state a claim, the plaintiff's bare allegations here amount to little more than a recitation of the elements of a FDCPA claim, and hardly demonstrate that the plaintiff is entitled to relief. *See Twombly*, 127 S. Ct. at 1964-65. Without providing any allegations from which the court could reasonably infer liability on the part of Mann Bracken, *see Iqbal*, 129 S. Ct. at 1949-50, the plaintiff's Complaint fails to state any FDCPA claims against Mann Bracken.

**IV.    State Law Claims**

In addition to her claims under federal law, the plaintiff has alleged state law claims of defamation, negligence per se, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Docket No. 1 ¶¶ 53-74.) She now concedes her defamation claim against Mann Bracken (Docket No. 27 at 3) and, thus, that claim will be dismissed. With respect to the remainder of her state law claims, Mann Bracken argues that those claims must be dismissed because they are precluded by the FCRA or because the plaintiff has failed to establish the elements of those claims. (Docket No. 18 at 7-9.)

First, with respect to the plaintiff's negligence per se claim, that claim arises out of the plaintiff's allegation that Mann Bracken owed the plaintiff a "statutory duty of care . . . to comply with the provisions of the FCRA, FDCPA and TCPA." (Docket No. 1 ¶ 58.) As the plaintiff has conceded any FCRA claims, has not sufficiently alleged a claim under the FDCPA,

6

and has not brought any TCPA claims against Mann Bracken, there is no basis for the purported negligence per se claim and, thus, this claim will be dismissed.

As for the plaintiff's negligence claim, Mann Bracken relies on a provision of the FCRA that provides that a consumer may not bring a claim of negligence "with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency" except in the case of "false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). The plaintiff's negligence claim is based on the allegation that Mann Bracken breached a duty of care by "engaged or causing to be engaged in acts and failures to act resulting in the inaccurate reporting of PLAINTIFF'S credit information." (Docket No. 1 ¶ 63.) This claim therefore falls squarely under § 1681h(e) and, therefore, is precluded, absent an allegation that Mann Bracken provided false information with malice or willful intent to injure the plaintiff. As the plaintiff has made no such allegation, her negligence claim will be dismissed.

With respect to the plaintiff's claim of intentional infliction of emotional distress, to establish such a claim under Tennessee law, the plaintiff must allege conduct that (1) is intentional or reckless; (2) is "so outrageous that it is not tolerated by civilized society"; and (3) results in serious mental injury. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (citing *Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (Tenn. 1966)). Even taking the plaintiff's allegations as true and drawing all inferences in her favor, the allegation that Mann Bracken's conduct somehow resulted in the inaccurate reporting of the plaintiff's credit information simply does not constitute conduct so outrageous as to establish a claim of intentional infliction of emotional distress. *See Evans v. Credit Bureau*, 904 F. Supp. 123, 127 (W.D.N.Y. 1995) (holding that

7

defendant's alleged failure to correct inaccuracies in plaintiff's credit report did not constitute outrageous conduct that would to establish a claim of intentional infliction of emotional distress under New York law).

Finally, the plaintiff's claim of negligent infliction of emotional distress also fails. To establish such a claim, a plaintiff must establish the elements of negligence, which include "(1) a duty of care owed by the plaintiff to the defendant, (2) conduct by the defendant that breaches this duty, (3) an injury or loss, (4) a cause-in-fact connection between the plaintiff's injury or loss and the defendant's conduct, and (5) the existence of proximate or legal cause." *Eskin v. Bartee*, 262 S.W.3d 727, 735 n.19 (Tenn. 2007). In addition, the plaintiff must establish "serious" or "severe" emotional injury, which occurs where "a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* at 735 n.21. As a general matter, a claim of negligent infliction of emotional distress will lie where a plaintiff has suffered emotional injuries as a result of the death or injury of a third person. *See Eskin*, 262 S.W.3d at 740; *Ramsey v. Beavers*, 931 S.W.2d 527, 531 (Tenn. 1996). Here, the plaintiff has not alleged any type of death or physical injury to a third person, nor has the plaintiff alleged any other type of serious or severe emotional injury as a result of Mann Bracken's conduct that would permit her to proceed on her claim of negligent infliction of emotional distress.

Therefore, all of the plaintiff's state law tort claims against Mann Bracken will be dismissed.

## V. Punitive Damages

As all of the plaintiff's claims against Mann Bracken will be dismissed, there is no need to address her claim for punitive damages and Mann Bracken's arguments that she is not entitled thereto.

## CONCLUSION

For the reasons discussed herein, the motion to dismiss filed by the defendant Mann Bracken, LLP will be granted.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

9